114 June 4, 2025 No. 500

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. J. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. L., Jr.,
*Appellant.*

Lane County Circuit Court
21JU04755; A185700 (Control)

In the Matter of N. J. F. L., aka B. G. C., aka N. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. L., Jr.,
*Appellant.*

Lane County Circuit Court
22JU03067; A185701

Valeri L. Love, Judge.

Submitted April 30, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated juvenile dependency case, father appeals judgments changing the permanency plans for his two children from reunification to permanent guardianship. Both children are members of the Confederated Tribes of the Coos, Lower Umpqua, and Siuslaw Indians, making the case subject to the federal Indian Child Welfare Act, 25 USC §§ 1901-1963, and the Oregon Indian Child Welfare Act, Or Laws 2020, ch 14, §§ 1-66 (Spec Sess 1) (codifying new provisions at ORS chapter 419B.600 to ORS 419B.665 and amending various sections of ORS chapters 350, 418, 419A, and 419B).

The juvenile court changed the plans after determining that, although the Oregon Department of Human Services (ODHS) made "active efforts," father failed to make sufficient progress toward reunification. *See* ORS 419B.476(5)(k)(A) (requiring "active efforts" on the part of ODHS to facilitate an Indian child's safe return home); ORS 419B.645 (defining "active efforts"). On appeal, father raises four assignments of error, two with respect to each child. In his first and second assignments of error, father contends that the juvenile court "erred in ruling that the department's efforts to reunify [children] qualified as 'active efforts.'" In his third and fourth assignments of error, father contends that, as a result, the juvenile court "erred in ruling to change [children]'s permanency plans away from reunification to guardianship." For the reasons explained below, we affirm.

Father has not requested *de novo* review, and this is not an exceptional case in which *de novo* review is warranted. ORS 19.415(3)(b) (providing that *de novo* review is a matter of discretion when the appeal is not from a proceeding for the termination of parental rights); *Dept. of Human Services v. J. G.*, 260 Or App 500, 502, 317 P3d 936 (2014) ("[T]here is a presumption against granting *de novo* review, and we do so only in exceptional cases."). Absent *de novo* review, we "review the juvenile court's legal conclusions for errors of law" and "we defer to the juvenile court's findings of fact if there is any evidence in the record to support them." *Dept. of Human Services v. Y. B.*, 372 Or 133, 136, 546 P3d 255 (2024).

        To change the permanency plan for an Indian child
to something other than reunification, the juvenile court
must determine by clear and convincing evidence that
"active efforts as described in ORS 419B.645 were provided
to make it possible for the Indian child to safely return
home[.]" ORS 419B.476(5)(k)(A).[1] "Active efforts" involve
a heightened standard that "obligates [O]DHS to do more
than create a reunification plan and require the client to
execute it independently." *Dept. of Human Services v. M. D.*,
266 Or App 789, 793, 340 P3d 86 (2014), *rev den*, 356 Or
767 (2015) (internal brackets and quotation marks omitted);
*see also* ORS 419B.645(3) ("Active efforts require a higher
standard of conduct than reasonable efforts."). ODHS "must
assist the [parent] through the steps of a reunification" in
a manner that reflects the particular circumstances of the
case. *M. D.*, 266 Or App at 793 (internal quotation marks
omitted); *see also* ORS 419B.645(4) (listing requirements for
"active efforts" by ODHS).

        We address father's assignments of error together.
As noted above, father argues on appeal that ODHS "did not
prove that it actively assisted father in walking through the
steps of accessing necessary resources to ameliorate either
[jurisdictional] basis" for children's removal. In father's view,
ODHS "did not make qualifying efforts" to get him into a
drug treatment program, to help him access grief counseling
after the death of his sister, or to provide him with training
and education on how to care for children's health issues.
In light of those deficiencies, father argues, the juvenile
court was not permitted to change children's permanency
plans away from reunification. ODHS responds that, with
respect to each of father's arguments, the alleged deficiency
resulted from father's dishonesty and lack of engagement
with resources or opportunities provided by ODHS.

        Having reviewed the record, we agree with ODHS and
conclude that the record supports the juvenile court's determi-
nation that ODHS made active efforts to make it possible for
children to safely return home. The record indicates that, over

---

[1] ORS 419B.476(5)(k) requires that the juvenile make additional determi-
nations before changing a permanency plan away from reunification, but father
challenges only the juvenile court's active efforts determination under subpara-
graph (A).

the life of the case, ODHS consistently provided father with housing assistance, transportation assistance, nutrition assistance, and parent training, and ODHS connected father with various treatment facilities and other counseling services. *See Dept. of Human Services v. L. B.*, 325 Or App 176, 180-81, 528 P3d 808 (2023) (concluding that "the juvenile court did not err in making an active efforts determination" where ODHS developed a safety plan, arranged for visits, set up alcohol and drug evaluation and treatment, scheduled mental health counseling, and provided housing and transportation assistance); *see also M. D.*, 266 Or App at 793 (concluding that ODHS efforts were active where it "consulted psychologists and scheduled appointments, planned visits, issued gas vouchers, actively searched for relative placements, and worked with the Cherokee tribe to enroll [the] child").

The record also indicates that father "continued to struggle with honesty" and with challenges underlying the jurisdictional bases for children's removal. But father's lack of progress does not show that ODHS efforts fell short of the statutory requirement, especially given evidence that father did "not *** actively engage[] in services" that ODHS provided. *See Dept. of Human Services v. M. G. J.*, 326 Or App 426, 438, 532 P3d 905, *rev den*, 371 Or 476 (2023) (emphasizing that "there is ample support for the juvenile court's determination that" O]DHS "made active efforts to reunify mother with her children" where ODHS repeatedly tried to contact the mother to provide services, even though the mother did not engage); *see also L. B.*, 325 Or App at 182 (concluding that ODHS was not required to provide specific services from which the mother might have benefitted, "given [the] mother's lack of progress despite the extensive efforts" that ODHS "had already made").

We further note that the tribal representative communicated to the juvenile court that, in the Tribe's view, ODHS went "above and beyond" in its efforts to assist father. We conclude that the juvenile court did not err in determining that ODHS made active efforts and in changing children's permanency plans from reunification to permanent guardianship.

Affirmed.